Crimmins *v.* Crimmins.

---

ELLEN CRIMMINS

*v.*

DAVID CRIMMINS et al.

In a suit by a widow against the heirs-at-law of her deceased husband, to set aside a deed on the ground of fraud, the widow, under the construction which has been given to the statute of 1880, is a competent witness to testify to transactions with her husband and statements made by him.

On appeal from the ruling of a master as to the competency of the complainants to give evidence respecting certain facts.

*Mr. Alan H. Strong*, for appellant.

*Mr. Willard P. Voorhees*, for respondents.

VAN FLEET, V. C.

This is a suit by a widow against the heirs-at-law of her deceased husband. The object of her suit is to avoid two deeds made in 1877, by which the title to three tracts of land, situate in the city of New Brunswick, was transferred to her husband. Prior to the execution of the deeds in question, the title to one of the tracts stood in the name of the complainant alone, and the title to the other two stood in the joint names of the complainant and her husband. The complainant's husband died intestate in January, 1886, and thereupon the lands in question descended to the defendants. The complainant alleges, that her husband induced her to join in the execution of the deed, by which she stripped herself of the title to these lands, by the practice of fraud and the exercise of undue influence. She offers herself as a witness to prove the facts on which she rests her rights to relief, and a question, under objection, has been put to her, which, if she answers, will require her to give evidence respecting transactions with her husband and statements made by him. The master conducting the examination has decided that she is incompetent to give such evidence. From this ruling an appeal has been taken.

The master, in deciding the question presented for judgment, unquestionably adopted as his standard of judgment, the rule laid down in *Colfax* v. *Colfax, 5 Stew. Eq. 206.* That case was decided before the statute of 1880 was passed, and under a statute which declares, in substance, that where either of the parties to a suit sues or is sued in a representative capacity, the living party shall be disqualified from being sworn as a witness in his own behalf, unless his adversary offers himself as a witness. The court, in that case, held that the word "representative," as used in

the statute then under consideration, was intended to embrace not only executors and administrators, but also heirs suing or defending in the right of their ancestor. The case, therefore, is a direct authority on the point in question. But, as I understand the more recent adjudications, an interpretation, much more limited in its scope, has been given to the word "representative" as used in the statute of 1880. That statute, in substance, declares that in all civil actions, any party thereto may be sworn and examined as a witness, notwithstanding the other party thereto may sue, or be sued in a representative capacity, provided, nevertheless, that this enactment shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action. *P. L. of 1880 p. 52.* This statute has been judicially construed, and its meaning, so far as it touches the question under consideration, definitely and authoritatively settled.

*Hodge* v. *Coriell, 15 Vr. 456,* is an exact pattern, in all material respects, of the case in hand. Although the suit in *Hodge* v. *Coriell* was prosecuted against the defendant in his individual capacity, the defendant made no pretence of a personal right to the subject matter of the controversy, but, on the contrary, declared, by one of his pleas, that his right thereto was only such as inhered in him as the administrator of a decedent. The plaintiff, on the trial of the case, offered himself as a witness in his own behalf, and was allowed, under objection, to give in evidence statements made by the defendant's intestate, in his lifetime, touching the ownership of the property in controversy. The plaintiff was held to be a competent witness to give such evidence. This ruling was put distinctly upon the ground, that by the plain words of the statute, it is only in cases where one or the other of the parties to a suit, appears upon the record, as representing a testator or intestate, that the other is incompetent to give evidence respecting transactions with or statements made by the decedent, and that it is not enough to render the living party incompetent to give such evidence, that the other party is interested in the subject of the litigation as the representative of a decedent, but the incompetency of the living party only exists

in cases where, by the record, it appears that the *status* of his adversary is that of a party suing or being sued, in the particular case as the representative of a testator or intestate. The chief-justice, in declaring the opinion of the supreme court, said: "A party to a suit is not prevented, by the law of this state, from testifying with respect to the declarations of an interested deceased person touching the subject of the controversy, except in one specified condition of affairs. Such exclusion arises only when the party testifying, or the opposite party, is suing, or is being sued, in a representative capacity. It is not enough that one of the parties is interested in the subject of the litigation as the representative of a decedent. The statutory criterion is clear and definite, and it is, that one or the other of the litigants must appear, upon the record, as a party suing or being sued in a representative capacity. * * * It may be that the interest of the party in the cause of action, by reason of his being the representative of a decedent, rather than his *status* as a party suing or being sued, would, in some respects, be the better criterion for the exclusion of the adverse party." But that is not the criterion prescribed by the statute. This construction was adopted by the court of errors and appeals. *S. C. on error, 17 Vr. 354.* It was subsequently re-affirmed in the case of *Palmateer* v. *Tilton, 13 Stew. Eq. 555.* The court, speaking by the chief-justice, in the last case, said: " The statute itself enumerates the cases in which the testimony is to be rejected, and no case can be added to that enumeration. If we attempt to leave the plain terms of the act we enter into an undefined field of inference and conjecture."

It is obvious, that, under this construction of the statute, the complainant is a competent witness to give evidence in this case respecting transactions with her husband and statements made by him, and it, therefore, follows that the ruling of the master must be reversed.